IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSTY ALAN SIMS,<br><br>    Plaintiff,<br><br>  v.<br><br>LEONARD F. POGGIO, et al.,<br><br>    Defendants. | No. C 09-02519 SBA (PR)<br><br>**ORDER OF SERVICE AND ADDRESSING PENDING MOTION**<br><br>(Docket no. 4) |

## INTRODUCTION

Plaintiff, a state prisoner, has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, complaining that he was subjected to improper force during the course of his arrest. His motion for leave to proceed in forma pauperis has been granted. He has also filed a motion for service of the summons and complaint upon Defendants. Venue is proper because the events giving rise to the claim are alleged to have occurred in San Francisco County, which is located in this judicial district. See 28 U.S.C. § 1391(b). In his complaint, Plaintiff names the following Defendants: San Francisco Police Officers Leonard F. Poggio and Shawn Manning. Plaintiff seeks monetary damages.

## DISCUSSION

### I.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. Id. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## II. **Legal Claims**

### A. **Excessive Force**

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard. See Graham v. Connor, 490 U.S. 386, 394-95 (1989); Forrester v. City of San Diego, 25 F.3d 804, 806 (9th Cir. 1994), cert. denied, 513 U.S. 1152 (1995). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." See Graham, 490 U.S. at 396 (citations omitted).

Plaintiff alleges that he was subjected to excessive force during the course of his arrest by Defendants Poggio and Manning on April 10, 2009. Specifically, Plaintiff alleges that Defendants Poggio and Manning "assaulted [him] by placing [him] in handcuffs and pulling [his] right arm over the back of [his] head and attempting to break [his] thumb by twisting it viciously back and forth." (Compl. at 3.) He claims that Defendants' actions caused him to sustain injuries, including "swelling and serious bruising as well as limitation in [his] thumb usage." (Id.)

Liberally construed, Plaintiff's complaint states a cognizable claim against Defendants Poggio and Manning for a Fourth Amendment violation. See LaLonde v. County of Riverside, 204 F.3d 947, 960 (9th Cir. 2000) (unnecessarily tight hand-cuffing may constitute excessive force); see also Meredith v. Erath, 342 F.3d 1057, 1061(9th Cir. 2003) (grabbing non-violent resident by the arms, forcibly throwing her to the ground and twisting her arms while hand-cuffing her during search of premises for evidence against another person was objectively unreasonable and a violation of the Fourth Amendment).

### B. **Deliberate Indifference Claim**

Plaintiff's allegations also state a claim for deliberate indifference to his serious medical needs. He states that he suffered from injuries to his thumb during his arrest. When he was admitted into the San Francisco County Jail, Defendant Intake Nurse (a Doe Defendant) "saw [his] thumb was twice its normal size and failed to send [him] to the hospital." (Compl. at 3.)

Deliberate indifference to serious medical needs violates the Eighth Amendment's

proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at 104). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff has adequately pled a cognizable claim against Defendant Intake Nurse for deliberate indifference to his medical needs.

### C. Claim Against Doe Defendant

As mentioned above, Plaintiff identifies Defendant Intake Nurse whose name he intends to learn through discovery. The use of Doe defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the deliberate indifference claim against Defendant Intake Nurse is DISMISSED from this action without prejudice. Should Plaintiff learn Defendant Intake Nurse's identity through discovery, he may move to file an amendment to the complaint to add Defendant Intake Nurse as a named defendant. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

### D. Improper Arrest

Plaintiff claims that Defendants Poggio and Manning "falsely arrested him" for "illegally ha[ving] methadone pills." (Compl. at 3.) Plaintiff claims that he has "a prescription from Dr. Shavet from San Francisco Community Healthcare Network" due to his "disability." (Id.) Plaintiff

also alleges that he was sentenced to a "7 month parole violation as a result of this illegal arrest." (Id.)

In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a civil rights plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a court with jurisdiction, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under Section 1983. Id.

To the extent Plaintiff is seeking damages under § 1983 for having been illegally imprisoned as a result of the parole violation, his claim must be dismissed because he has not alleged that any parole revocation sentence has been invalidated by a state or federal court. See McGrew v. Texas Board of Pardons & Paroles, 47 F.3d 158 (5th Cir. 1995). Accordingly, Plaintiff's claim that his arrest was improper is DISMISSED WITHOUT PREJUDICE.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Fourth Amendment claim for the use of excessive force against Defendants Poggio and Manning.

2. The deliberate indifference claim against the Doe Defendant -- Defendant Intake Nurse -- is DISMISSED WITHOUT PREJUDICE.

3. Plaintiff's claim that his arrest was improper is DISMISSED WITHOUT PREJUDICE to him reasserting his claim if a cause of action ever accrues, i.e., after his sentence for the parole violation is invalidated by a state or federal court.

4. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to **San Francisco Police Officers Leonard F. Poggio and Shawn Manning**. The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco.

4

Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

6. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **ninety (90) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **sixty (60) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to pro se plaintiffs facing a summary judgment motion:

The defendant has made a motion for summary judgment by which they seek

5

> to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

      c. If Defendants wish to file a reply brief, they shall do so no later than **thirty (30) days** after the date Plaintiff's opposition is filed.

      d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

8. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to

Defendants or Defendants' counsel.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

10. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

11. Plaintiff's motion for service of the summons and complaint upon Defendants (docket no. 4) is GRANTED.

IT IS SO ORDERED.

DATED: 3/29/10

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RUSTY ALAN SIMS,

        Plaintiff,

v.

LEONARD F PUGGIO et al,

        Defendant.

Case Number: CV09-02519 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 31, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Rusty Alan Sims T-75226
California State Prison - San Quentin
San Quentin, CA 94964

Dated: March 31, 2010

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.09\Sims2519.service&pending8MOT.wpd

**United States District Court**
For the Northern District of California